UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **ADAM FLATH** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:12CV00721 ERW |
| **BARNES JEWISH HOSPITAL, et al.** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion to Remand [ECF No. 38].

### I.   PROCEDURAL AND FACTUAL BACKGROUND

This proposed class action was originally filed in the Circuit Court of the City of St. Louis, Missouri, on March 8, 2012, and was styled *Adam Flath v. Barnes-Jewish Hospital, et al.*, Civil Action No. 1222-CC01280.  In his state-court petition, Plaintiff, Adam Flath, in his personal capacity and on behalf of all others similarly situated, asserted a cause of action under the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.010 et seq., alleging injuries resulting from undisclosed facility fees charged by multiple defendants, including Barnes-Jewish Hospital, BJC Healthcare, and Washington University [ECF Nos. 1, 10].

Defendant Barnes-Jewish Hospital subsequently removed the case to the United States District Court, Eastern Division, alleging fraudulent misjoinder of non-diverse defendants, and the case was assigned to this Court [ECF No. 1].  Thereafter, Plaintiff moved for limited jurisdictional discovery [ECF No. 15].  During the hearing on Plaintiff's discovery motion, the parties announced that they had reached an agreement ,and this Court approved the parties' joint Consent Motion for Limited Jurisdictional Discovery on May 22, 2012 [ECF No. 26].

1

After receiving Defendants' responses to his written discovery requests, Plaintiff sought remand to state court on July 17, 2012, asserting that the Court lacked jurisdiction and that removal was required under the "Home State Exception" set forth in 28 U.S.C. § 1332(d)(4)(B) [ECF No. 38]. The "Home State Exception" provides, in pertinent part, that a district court shall decline to exercise jurisdiction over a class action in which "two thirds or more of the members of all the proposed plaintiff class in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). Plaintiff states that the parties' limited discovery exchanges show that all three Defendants, and at least sixty-six (66) percent of the plaintiffs in the proposed class, are Missouri residents. Plaintiff further states that the information supplied by Defendants concerned only plaintiffs who were charged facility fees during 2011. Plaintiff asserts that Defendants failed to respond fully to his discovery requests, and argues that this less than full response leads to the conclusion that the percentage of Missouri residents for the proposed class would be larger if Defendants had fully produced the requested documents. Plaintiff urges this Court to remand, even if it determines the "Home State Exception" is not met, based on the discretionary power granted districts courts by 28 U.S.C. §1332(d)(3) (providing that district courts may, in interests of justice and looking at totality of circumstances, decline to exercise jurisdiction under paragraph (2) of 28 U.S.C. § 1332 (d), over a class action in which greater than 1/3, but less than 2/3's, of the members of all proposed plaintiff classes in aggregate, and the primary defendants, are citizens of the State in which action was originally filed, based on consideration of six enumerated factors). Alternatively, Plaintiff moves to engage in further jurisdictional discovery.

In their opposition to Plaintiff's Motion to Remand, Defendants argue that less than two-

thirds of the proposed class are citizens of Missouri, because only 66.14% of the proposed class members are citizens of Missouri [ECF No. 46]. Defendants also assert that the discretionary exception contained in 28 U.S.C. § 1332(d)(3) should not apply, based on the circumstances of the case, and the relevant balancing test of the six statutory factors.

## II.  STANDARD FOR FEDERAL JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Where so authorized, the courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Barzilay v. Barzilay*, 536 F.3d 844, 849 (8th Circ. 2008) (alteration in original) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). However, if a federal court takes action in a dispute over which it lacks subject matter jurisdiction, that action is a nullity. *See Hart v. Terminex Int'l*, 336 F.3d 541, 541-42 (7th Cir. 2003) (stating that it was "regrettable" that the case had to be dismissed for lack of subject matter jurisdiction "rendering everything that has occurred in [the] eight years [of litigation] a nullity").

A claim may be removed to federal court only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331. *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). The party invoking jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied. *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). The Class Action Fairness Act of 2005 ("CAFA") was enacted to expand federal court jurisdiction over class actions. *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819,

822 (8th Cir. 2010). If a CAFA exception raises any doubt, the applicability must be resolved against the party seeking remand. *Id.* at 823. The court must favor federal jurisdiction if application of the CAFA exception raises any doubt. *Id.*

The removal statute at issue here creates an exception for removal on the basis of diversity, providing that, if more than two-thirds of a proposed class in a class action are citizens of the state which the action was originally filed, then a district court will decline to exercise jurisdiction over the class action. 28 U.S.C. § 1332 (d)(4)(B). Further, removal statutes must be strictly construed because they impede upon states' rights to resolve controversies in their own courts. *Nichols v. Harper Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c).

### III. PROCEDURAL REQUIREMENTS FOR REMOVAL

While 28 U.S.C. § 1441(a) establishes that a defendant has a right to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," the party seeking removal must comply with certain procedural requirements. If the case stated by the initial pleading is not removable, a defendant must file a notice of removal in the district court within thirty days of receiving the documents from which it may be ascertained that the case is one that is or has become removable. 28 U.S.C. § 1446(b)(3). Generally, "a case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after the commencement of the action[.]" 28 U.S.C. § 1446(c).

The time limits of removal statutes are mandatory and must be strictly construed in favor

4

of state court jurisdiction. *See McHugh v. Physicians Health Plan of Greater St. Louis, Inc.*, 953 F. Supp. 296, 299 (E.D. Mo. Feb. 6, 1997). If a defendant fails to timely file a notice of removal, the defendant's right to remove is foreclosed. *Id.* Strictly construing the removal rules "promote[s] expedited identification of the proper tribunal." *Id.*

## IV. DISCUSSION

This action was commenced by Plaintiff on March 8, 2012. Subsequently, Barnes-Jewish Hospital removed the case to this Court on the basis of diversity jurisdiction on April 23, 2012, less than thirty days after the March filing date in the case. Plaintiff's pending Motion for Remand, filed on July 17, 2012, asserts that the Court lacked jurisdiction because removal was prohibited under the "Home State Exception" of 28 U.S.C. § 1332(d)(4)(B). Defendants oppose Plaintiff's Motion, advancing arguments that the proposed class of plaintiffs in this case consist of less than two-thirds of Missouri residents, and that the discretionary exception should not apply [ECF No. 46].

Defendants contend that Plaintiff's Motion should be denied because "Home State Exception", which requires the court to decline to exercise jurisdiction if more than two-thirds of the petitioners are from the state where the original action was filed, does not apply here. Defendants claim the percentage of petitioners that are residents of Missouri is only 66.14%.

Defendants also assert that this Court should not decline to exercise its jurisdiction under the CAFA discretionary exception. When considering the application of the discretionary exception, six factors are examined: whether 1) the claims involve a matter of interstate or national interest; 2) the law where the action was originally filed will govern; 3) the complaint was pleaded in a way to avoid federal jurisdiction; 4) there is a distinct nexus between the forum

5

chosen and the petitioners, the harm, or the defendants; 5) in the aggregate, the proposed class consists of substantially more citizens of the state where the action was filed than any other state, and the citizenship of the other members is dispersed among a substantial number of states; and 6) a similar claim has been filed within the last three (3) years.  28 U.S.C. § 1332(d)(3).

    Defendants argue that this case does involve a matter of national or interstate interest, because Barnes-Jewish Hospital receives pathology specimens from all over the country, and more than one-third of the petitioners are from states other than Missouri.  Defendants also assert that Missouri law would not apply, because some of the petitioners were treated in facilities located outside of Missouri and the complaint alleged violations of the MMPA. Defendants also argue that Plaintiffs were seeking to avoid federal jurisdiction, asserting that the complaint was too vague with regards to the definition of the class.  As well, the Defendants claim that there is no distinct nexus to Plaintiff's chosen forum, because the proposed class members do not all reside in St. Louis City, and because Barnes-Jewish Hospital received specimens from facilities outside of St. Louis City.

    Defendants further argue that Plaintiff's request for additional jurisdictional discovery should be denied, stating that Barnes-Jewish Hospital has already supplied all of the appropriate discovery responses to Plaintiff's requests.

    Here, the percentage of proposed class who are Missouri citizens is 66.14, and is therefore barely less than two-thirds for purposes of falling within the "Home State Exception." Where an action has more than two-thirds of the proposed class residing in the state that the action was filed, then a district court must not exercise jurisdiction over the case.  28 U.S.C. § 1332(d)(4)(B). The statute requires more than two-thirds; therefore, the "Home State Exception"

does not apply to the proposed class as identified.

District courts in the Eastern District of Missouri have not addressed the "more than two-thirds" requirement and the percentage or rounding associated with the "Home State Exception's" requirements. *See Tonnies v. Southerland Imports, Inc.*, No. 4:09CV414 SNL, 2009 WL 3172565 at *3 n.2 (E.D. Mo. Sept. 29, 2009). Under the plain meaning of two-thirds, the proposed class consists of 66.14 percent Missouri citizens. Since the class is less than two-thirds, the Court should exercise jurisdiction over this case and not remand to the lower courts based only on the two-thirds rule; however, further analysis is required.

Here, Defendants also assert that the discretionary exception should not apply because the case involves a national or interstate interest, the law of Missouri will not govern all of the petitioners, Plaintiff was seeking to avoid federal jurisdiction when pleading the complaint, and several of the petitioners do not have a distinct nexus with St. Louis City.

Plaintiff's claim does not involve a national or interstate interest solely because the specimens came from states other than Missouri. Here, as did the defendants in *Redd v. Suntrup Hyundai, Inc.*, No. 09-411 MLM, 2009 WL 2568054 (E.D. Mo. Aug. 18, 2009), Defendants argue that remand is not appropriate because this action involves a national or interstate interest. In *Redd*, the defendant was a car dealer who charged processing fees for paperwork that had legal significance, and the plaintiff brought suit alleging the unauthorized practice of law by the defendant. *Id*. at *1. Although the defendant sold or leased cars to individuals from states other than Missouri, the Court held, among other things, that there was not a national or interstate interest involved, because the claims pertained to a matter of state concern; the regulation and definition of the practice of law. *Id*. at *4. Similarly, Defendants here received specimens from

several other states besides Missouri. However, like the situation found in *Redd*, solely having services or products in other states does not necessarily create a national or interstate interest. *Id.*

Plaintiff's claims are governed by Missouri law, because the complaint alleges violations of a specific Missouri statute, the MMPA. *See Tonnies*, 2009 WL 3172565 at *4 (holding that Missouri law governed because complaint alleged violations of specific Missouri statute).

Defendants argue that Plaintiff pleaded his complaint to avoid federal jurisdiction. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294, 58 S.Ct. 586, 82 L. Ed. 845 (1938). In *St. Paul Mercury Indem. Co.*, the Court noted that if a plaintiff was seeking to avoid federal jurisdiction, the plaintiff could simply have sued for less than the jurisdictional amount, thus precluding the defendant's ability to remove. *Id*. Here, Plaintiff could have sued for less than $5,000,000, the jurisdictional amount, and kept Defendants from being able to remove the action to federal court. *Id*. The absence of such leads the Court to hold that Plaintiff was not trying to avoid federal jurisdiction.

Selection of the correct forum requires a distinct nexus with either the class members, the alleged harm, or the defendants. 28 U.S.C. § 1332(d)(3). Plaintiff's claims originally were brought in the correct forum, because there is a distinct nexus with the City of St. Louis. Here, the wrongful acts occurred in St. Louis, and Defendants conduct their business at locations in St. Louis. Because there is a distinct nexus with the alleged harm and the defendants, this action originally was brought in the correct forum.

Plaintiff's claim proposes a class consisting of a substantially large amount of Missouri residents; the remaining proposed class is from a substantial number of states other than Missouri. Plaintiff's action proposes a class that consists of twenty-two thousand and twenty-

eight (22,028) members.  Fourteen thousand-five hundred and seventy (14,570) of those proposed members reside in Missouri. The proposed class consists of citizens from forty-eight (48) different states.  Consequently, the number of citizens from the State in which this action was originally filed, in the aggregate, is substantially larger than the number of citizens from other states and the remaining members of the proposed class is dispersed among a substantial number of states.  Finally, there are no other class actions that are the same or similar that have arose within the last three (3) years on behalf of the same or other persons [ECF No. 39]. Accordingly, even assuming that less than two-thirds (2/3), but more than one-third (1/3), of the potential class members were members of Missouri at the time of filing,  pursuant to the permissive considerations of 28 U.S.C. § 1332(d)(3) (A)-(E), the Court finds that this matter should be remanded to the State court.

Based on the above reasons,  the motion to remand will be granted.  Therefore, the motion to engage in further jurisdictional discovery is moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [ECF No. 38] is **GRANTED**. This action is remanded to the Circuit Court of the City of St. Louis, Missouri, pursuant to 28 U.S.C. § 1447(d).

Dated this   10th    day of October, 2012.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE